**Date Signed:**
**February 26, 2019**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>WAI YIN LAM,<br><br>      Debtor. | Case No. 18-00888<br>Chapter 7 |
| RICH SEA CORP., et al.,<br><br>      Plaintiffs,<br><br> vs.<br><br>WAI YIN LAM, et al.,<br><br>      Defendants. | Adv. Pro. No. 18-90030<br><br>Dkt. 14 |

## MEMORANDUM OF DECISION ON
## MOTION TO REMAND OR ABSTAIN

    Plaintiff Rich Sea Corp. ("Rich Sea") moves the court to remand (or, alternatively, to abstain from deciding) this adversary proceeding, which Dane S. Field, chapter 7 trustee of defendant Wai Yin Lam, removed from state court. For the

reasons that follow, I will deny the motion.

I.   FACTS

This case revolves around Zhong Hui Investment LLC ("ZHI"). In 2014, Ms. Lam acquired a 2% membership interest in ZHI and became its manager (Rich Sea disputes Ms. Lam's status).

In 2014, ZHI and Ms. Lam took title (as co-owners in various proportions) to five pieces of real estate in Honolulu. Ms. Lam claims that the then-members of ZHI agreed to these arrangements; Rich Sea disputes this claim.

In 2015, Rich Sea acquired a 98% membership interest in ZHI.

In 2016, Rich Sea sued Ms. Lam (and ZHI, as a nominal defendant) in state court. Very briefly summarized, Rich Sea's first amended complaint alleges that Ms. Lam is mismanaging the properties, failing to pay real property taxes, co-mingling ZHI's funds with her personal funds, and residing on one of the properties without paying consideration. Rich Sea also alleges that Ms. Lam has encumbered the properties for her own purposes and that her co-ownership interests in the real property should belong to ZHI. Rich Sea asserts claims both directly (on its own behalf) and derivatively (on behalf of ZHI).

Ms. Lam commenced her chapter 7 bankruptcy case on August 11, 2018. This was (a) one day after Rich Sea filed two motions for partial summary judgment,

U.S. Bankruptcy Court - Hawaii    #18-90030    Dkt # 62    Filed  02/26/19    Page 2 of 11

(b) less than one business calendar day before the hearing[1] on Rich Sea's motion seeking an order to show cause based on Ms. Lam's alleged failure to provide discovery and obey the court's orders, and (c) about six weeks before trial was set to begin on September 24, 2018.

The chapter 7 trustee of Ms. Lam's estate timely removed the case to the bankruptcy court.

## II. REMAND

28 U.S.C. § 1452(b) permits this court to remand any removed case or claim "on any equitable ground." The "any equitable ground" standard is very broad and is based on the sound discretion of the bankruptcy judge.[2] The factors typically used to determine whether to remand are: "(1) the effect of the action on the administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty of applicable state law; (4) comity; (5) the relatedness of the action to the bankruptcy case; (6) any jury trial right; and (7) prejudice to the plaintiffs from removal."[3]

The first factor tilts against remand. The Rich Sea litigation is at the center of

---

[1] Ms. Lam filed her bankruptcy petition on Saturday. The hearing was set for the following Monday.

[2] *McCarthy v. Prince (In re McCarthy)*, 230 B.R. 414, 417 (B.A.P. 9th Cir. 1999).

[3] *Baclaan v. Combustion Eng'g*, 2016 WL 6469257, at *11-12 (D. Haw. Oct. 31, 2016); *Hopkins v. Plan Insulation Co.*, 349 B.R. 805, 813 (N.D. Cal. 2006).

this bankruptcy case. Rich Sea's claims are sizable and it also seeks to diminish the debtor's (and the bankruptcy estate's) interest in property. Because the complaint alleges that Ms. Lam committed fraud, the outcome of this proceeding might have issue preclusive effect in a subsequent action seeking a determination that Ms. Lam's debts are not dischargeable.[4]

The second factor tilts slightly in favor of remand. All of the claims alleged in the first amended complaint arise under state law. But the trustee might employ provisions of the Bankruptcy Code to defend against those claims or to limit their effect.

The third factor weighs against remand. None of the state law claims are particularly novel or complex. Bankruptcy courts frequently apply state law, and the issues in this case are not outside this court's regular experience.

The fourth factor is neutral. "Needless decisions of state law by federal courts should be avoided as a matter of comity and in order to procure for the litigants 'a surer-footed reading of applicable law.'"[5] A bankruptcy court, in the interest of comity, should "consider whether the state laws involved are complex such that they ought to be construed and applied by state trial courts and reviewed by state appellate

---

[4] *Grogan v. Garner*, 498 U.S. 279, 290 (1991) (issue preclusion applies in nondischarge cases).

[5] *Linkway Inv. Co. v. Olsen* (*In re Casamont Investors, Ltd.*), 196 B.R. 517, 524 (B.A.P. 9th Cir. 1996) (citation omitted).

4

U.S. Bankruptcy Court - Hawaii    #18-90030    Dkt # 62    Filed 02/26/19    Page 4 of 11

courts."[6] It is not likely that this case will present any complex or novel questions of state law that the state courts should decide in the first instance.

The fifth factor tilts against remand. Under this factor, "it is relevant to ask whether the adversary proceeding is 'core' or 'non-core.'"[7] The core/non-core distinction is related to the grant of jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11."[8] The phrases "arising under title 11," "arising in a case under title 11," and "related to a case under title 11" are terms of art.[9] A proceeding "arises under" title 11 if it presents claims for relief created or controlled by title 11.[10] In contrast, the claims for relief in a proceeding "arising in" a title 11 case are not explicitly created or controlled by title 11, but such claims nonetheless would have no existence outside of a bankruptcy case.[11] The remaining category of bankruptcy jurisdiction, "related to" jurisdiction, is an exceptionally broad category encompassing virtually any matter either directly or

---

[6] *Id.*

[7] *In re Cytodyn of New Mexico*, 374 B.R. 733, 740 (Bankr. C.D. Cal. 2007) (*citing Eastport Assoc. v. City of Los Angeles*, 935 F.2d 1071, 1076 (9th Cir. 1991)).

[8] 28 U.S.C. § 1334.

[9] *Wilshire Courtyard v. California Franchise Tax Bd. (In re Wilshire Courtyard)*, 729 F.3d 1279, 1285 (9th Cir. 2013).

[10] *Id.*

[11] *Id.*

5

indirectly related to the bankruptcy case.[12]

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy.* Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.[13]

Core proceedings consist of all actions "arising under" title 11 and also those "arising in" a case under title 11.[14] 28 U.S.C. § 157(b)(2) contains a non-exhaustive list of core proceedings. Proceedings that are not core proceedings but are related to a bankruptcy case are called "noncore" proceedings.[15]

Rich Sea's direct and derivative claims against Ms. Lam are undoubtedly core proceedings.[16] Ms. Lam's (now the estate's) counterclaims are "related to" the bankruptcy case because, as a practical matter, the outcome of this proceeding will likely have enormous effects on the assets and liabilities of the estate and possibly on Ms. Lam's right to a discharge. But affirmative claims by the debtor or the estate against third parties are non-core proceedings (unless federal law provides the rule of

---

[12] *Id.* at 1287.

[13] *Id.* (*citing In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988)).

[14] *Id.* at 1053.

[15] 28 U.S.C. § 157(c).

[16] *Id.* § 157(b)(2)(B).

6

decision).

The sixth factor is neutral. Both sides have demanded a jury trial. The bankruptcy court in this district lacks authority to conduct jury trials, but this court has worked out a procedure to transfer cases smoothly to the district court for jury trials. Rich Sea argues strenuously that the case would be tried sooner in state court than in federal court, but that will depend on the schedule of the new judge to whom the case will be assigned in state court (the prior judge recently retired) and the willingness of that judge to accommodate the trustee, who is new to the case. In contrast, the district court would almost certainly set this case for trial in about one year.

The seventh factor weighs slightly in favor of remand. Rich Sea correctly points out that the debtor filed her bankruptcy case just after dispositive motions were filed, on the eve of the hearing on an order to show cause, and shortly before trial in state court. But the hearing and trial could have been held only if this court lifted the automatic stay, and this court rarely lifts the stay to permit an unsecured creditor to litigate its claims outside of the bankruptcy court. In other words, most of the delay that Rich Sea will experience is attributable, not to the trustee's decision to remove the case, but rather to the debtor's choice of when to file her bankruptcy petition. Any prejudice to Rich Sea is largely, if not entirely, offset by the prejudice that the estate and its innocent creditors would have suffered if this case were tried based only on the

U.S. Bankruptcy Court - Hawaii   #18-90030   Dkt # 62   Filed   02/26/19   Page 7 of 11

debtor's limited preparation and resources.

On balance, the equities do not favor remand. Therefore, Rich Sea's motion to remand is DENIED.

## III. DISCRETIONARY ABSTENTION

28 U.S.C. § 1334(c)(1) provides for discretionary abstention:

Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.[17]

According to the Ninth Circuit, a court should consider twelve factors in determining whether discretionary abstention is appropriate:

(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor

---

[17] 28 U.S.C. § 1334(c)(1).

8

U.S. Bankruptcy Court - Hawaii    #18-90030    Dkt # 62    Filed  02/26/19    Page 8 of 11

parties.[18]

The court must weigh each of these factors against the others. Unlike mandatory abstention, a court can apply discretionary abstention even if fewer than all of the factors weigh in favor of abstention.[19] In this case, the factors collectively weigh against abstention.

The first factor (effect on administration of the estate) weighs against abstention. As noted above, this dispute is central to this bankruptcy case. Adjudication of the adversary proceeding in the state court, which is not involved in estate administration, would be inefficient.

The second factor (whether state law issues predominate over bankruptcy issues) weighs in favor of abstention. There are no issues of bankruptcy law in this adversary proceeding, and only a chance that the trustee will employ bankruptcy law in response to the state law claims.

The third factor (the difficulty or unsettled nature of the applicable law) weighs against abstention. The applicable law is not complicated or novel.

The fourth factor (the presence of a related proceeding in state court) weighs against abstention. This case is the only case in which the dispute between the estate

---

[18] *Christensen v. Tucson Estates, Inc.* (*In re Tucson Estates, Inc.*), 912 F.2d 1162, 1167 (9th Cir. 1990) (*quoting In re Republic Reader's Serv., Inc.*, 81 B. R. 422, 429 (Bankr. S. D. Tex. 1987)).

[19] *See, e.g., id.*

9

and Rich Sea is in issue. Now that this case has been removed, there is no related proceeding in state court.

The fifth factor (the existence of a jurisdictional basis other than 28 U.S.C. § 1334) weighs in favor of abstention. There is no apparent basis for federal jurisdiction other than section 1334.

The sixth factor (the degree of relatedness or remoteness to the bankruptcy case) weighs heavily against abstention. As noted, this case is at the heart of the bankruptcy case.

The seventh factor (the substance rather than form of any "core" proceeding) is evenly balanced. This case is partly a core proceeding and partly a non-core proceeding, both in form and substance.

The eighth factor (the feasibility of severing state law claims from core bankruptcy matters) strongly disfavors abstention. Rich Sea's claims are so closely related to the estate's counterclaims and defenses that severance would be inadvisable.

The ninth factor (the burden of the bankruptcy court's docket) weighs against abstention. Bankruptcy caseloads are at a low ebb.

The tenth factor (forum shopping) weighs against abstention. Removal always involves forum shopping; parties only remove cases because they want to change the forum. The question is whether the forum shopping in a particular case is improper. In this case, the trustee has a legitimate interest in centralizing all disputes concerning

10

the estate, and this important dispute in particular, in a single court.

The eleventh factor (the existence of a right to a jury trial) weighs slightly in favor of abstention. Both parties have demanded, and are apparently entitled to, a jury trial. Because the bankruptcy court in this district does not have the power to conduct jury trials, this factor weighs in favor of abstention. But the weight is slight because, as noted above, cases are regularly and smoothly transferred from the bankruptcy court to the district court for trial.

The twelfth factor (the presence of nondebtor parties) has little weight here. Rich Sea and ZHI are nondebtors. But this factor is not important because Ms. Lam, the debtor, is a defendant, and one of the primary purposes of bankruptcy is to allocate the estate's limited assets fairly among all creditors, not just litigants, and to protect debtors from unpayable creditor claims.

Under the *Tucson Estates* analysis, the facts of this case weigh against the exercise of discretionary abstention under 28 U.S.C. § 1334(c)(1).

Therefore, Rich Sea's motion is DENIED.

END OF ORDER

U.S. Bankruptcy Court - Hawaii    #18-90030    Dkt # 62    Filed  02/26/19    Page 11 of 11