**Date Signed:**
**February 26, 2019**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>WAI YIN LAM,<br><br>    Debtor. | Case No. 18-00888<br>Chapter 7 |
| RICH SEA CORP., et al.,<br><br>    Plaintiffs,<br><br>  vs.<br><br>WAI YIN LAM, et al.,<br><br>    Defendants. | Adv. Pro. No. 18-90030<br><br>Dkt. 6 |

## MEMORANDUM OF DECISION ON
## MOTION TO EXPUNGE LIS PENDENS

Dane S. Field, chapter 7 trustee of defendant Wai Yin Lam, moves the court to expunge a notice of pendency of action, or lis pendens, filed by plaintiff Rich Sea Corp. ("Rich Sea"). For the reasons that follow, I will grant the motion.

Rich Sea commenced this action in state court, and the trustee removed it to the bankruptcy court. The case revolves around Zhong Hui Investment LLC ("ZHI"). In 2014, Ms. Lam acquired a 2% membership interest in ZHI and became its manager (Rich Sea disputes Ms. Lam's status).

In 2014, ZHI and Ms. Lam took title (as co-owners in various proportions) to five pieces of real estate in Honolulu. Ms. Lam claims that the then-members of ZHI agreed to these arrangements; Rich Sea disputes this claim.

In 2015, Rich Sea acquired a 98% membership interest in ZHI.

In 2016, Rich Sea sued Ms. Lam (and ZHI, as a nominal defendant) in state court. Very briefly summarized, Rich Sea's first amended complaint alleges that Ms. Lam is mismanaging the properties, failing to pay real property taxes, co-mingling ZHI's funds with her personal funds, and residing on one of the properties without paying consideration. Rich Sea also alleges that Ms. Lam has encumbered the properties for her own purposes and that her co-ownership interests in the real property should belong to ZHI. Rich Sea asserts claims both directly (on its own behalf) and derivatively (on behalf of ZHI).

Rich Sea's complaint consists of fourteen counts:

Count I - Breach of Fiduciary Duty (ZHI against Ms. Lam)

Count II - Breach of Fiduciary Duty (Rich Sea against Ms. Lam)

Count III - Negligence (Rich Sea against Ms. Lam)

2

U.S. Bankruptcy Court - Hawaii   #18-90030   Dkt # 63   Filed   02/26/19   Page 2 of 10

Count IV - Conversion (ZHI against Ms. Lam)

Count V - Unjust Enrichment (ZHI against Ms. Lam)

Count VI - Corporate Waste (ZHI against Ms. Lam)

Count VII - Equitable Lien (ZHI against Ms. Lam)

Count VIII - Constructive Trust (ZHI against Ms. Lam)

Count IX - Fraudulent Transfers (HRS § 651C-4(a)(1); ZHI against Ms. Lam)

Count X - Fraudulent Transfers (HRS § 651C-4(a)(2); ZHI against Ms. Lam)

Count XI - Accounting (ZHI against Ms. Lam)

Count XII - Appointment of Receiver (ZHI against Ms. Lam)

Count XIII - Declaratory Relief (ZHI against Ms. Lam)

Count XIV - Injunctive Relief (ZHI against Ms. Lam)

The prayer of the complaint seeks nearly every conceivable type of relief, including compensatory and punitive damages, unspecified injunctive and declaratory relief, an equitable lien and a constructive trust "as set forth above," attorneys' fees and costs, "an order piercing ZHI's corporate veil and imposing ZHI's debts on to Lam personally," and "such other and further relief as this Court deems just and proper." The complaint does not link the prayer to the counts of the complaint; in other words, the complaint does not state which specific remedies Rich Sea seeks in respect of each count.

A Hawaii statute permits a party to record a notice of pendency of action, or lis

3

pendens, "in an action concerning real property or affecting the title or the right of possession of real property . . . ."[1] The statute also specifies the effect of the recorded notice. "From and after the time of recording the notice, a person who becomes a purchaser or encumbrancer of the property affected shall be deemed to have constructive notice of the pendency of the action and be bound by any judgment entered therein if the person claims through a party to the action . . . ."[2]

A recorded lis pendens clouds the title to the affected property and makes it almost impossible to sell or borrow against the property. This fact gives enormous leverage to a party filing a lis pendens and creates a risk of abuse.[3] To mitigate this risk, the Hawaii supreme court held, in the *Utsunomiya* decision, that a lis pendens is available in a narrowly limited class of cases. "[T]he lis pendens statute must be strictly construed and . . . the application of lis pendens should be limited to actions directly seeking to obtain title or possession of property."[4]

To determine whether a lis pendens is valid, Hawaii courts review only the face of the complaint and do not consider the likelihood of success on the merits.[5]

---

[1] Haw. Rev. Stat. § 634-51.

[2] *Id.*

[3] *Urez Corp. v. Superior Court*, 235 Cal. Rptr. 837 (Cal. App. 2d Dist. 1987). In the *Utsonomiya* decision cited in the next footnote, the Hawaii Supreme Court adopted the reasoning of *Urez*.

[4] *S. Utsunomiya Enters., Inc. v. Moomuku Country Club*, 75 Haw. 480, 510 (1994).

[5] *See Urez*, 235 Cal. Rptr. at 1149.

U.S. Bankruptcy Court - Hawaii   #18-90030   Dkt # 63   Filed  02/26/19   Page 4 of 10

Whether a lis pendens should be expunged is left to the sound discretion of the court.[6]

The *Utsunomiya* test is not precise; the adverb "directly" has many possible meanings. Only a few decisions provide guidance. A lis pendens is proper in an action to enforce an existing interest in real estate, such as an action to foreclose a recorded mortgage or terminate a recorded lease.[7] An action for money damages, however, will not support a lis pendens, even if the claims are founded on a real property transaction and the plaintiff seeks the imposition of a constructive trust or equitable lien on real estate.[8]

> [A]llegations of equitable remedies, even if colorable, will not support a lis pendens if, ultimately, those allegations act only as a collateral means to collect money damages. It must be borne in mind that the true purpose of the lis pendens statute is to provide notice of pending litigation and not to make plaintiffs secured creditors of defendants nor to provide plaintiffs with additional leverage for negotiating purposes.[9]

*Canales v. Artiga*[10] is instructive. The plaintiffs alleged that the defendants misused their positions as the plaintiffs' accountants to misappropriate money from

---

[6] *Lathrop v. Sakatani*, 111 Haw. 307, 312 (2006) (citation omitted).

[7] *Eric Johns Peck Trust v. Rullo*, 123 Haw. 313 (App. 2010) (holding that a lis pendens is proper in an action to enforce recorded covenants, conditions, and restrictions); *Kaapu v. Aloha Tower Dev. Corp.*, 72 Haw. 267, 269 (1991) ("Although the doctrine may be applied to actions other than foreclosures, we agree with courts which restrict the application of the doctrine, in order to avoid its abuse.").

[8] *Urez*, 235 Cal. Rptr. at 1149.

[9] *Id.*

[10] 121 Haw. 177 (App. 2009).

U.S. Bankruptcy Court - Hawaii   #18-90030   Dkt # 63   Filed  02/26/19   Page 5 of 10

the plaintiffs. The defendants used some of the misappropriated money to pay mortgages on the defendants' properties. The plaintiffs asserted claims for fraud and conversion (among other claims) and sought monetary damages, the imposition of a constructive or resulting trust on the defendants' properties, and "title to and/or possession of" the defendants' properties. The plaintiffs filed a lis pendens against the mortgaged properties. The Intermediate Court of Appeals held that the lis pendens was improper:

> As alleged in the complaint, the fraudulent acts committed by Defendants were directed at stealing Plaintiffs' money; they were not committed in a dispute over real property. Under the circumstances of this case, Plaintiffs' request for the equitable remedy of a constructive trust over Defendants' real property is insufficient to convert Plaintiffs' complaint into an action "directly seeking to obtain title to or possession of real property."[11]

The court further held that "the simple expedient of including a request for title to or possession of real property in a prayer for relief cannot change the essential character of a complaint or automatically authorize the filing of a lis pendens. A contrary rule would undermine the supreme court's narrow reading of the lis pendens statute to protect against abuse."[12]

I turn to the question whether, based on the face of the complaint, this is an action "directly" seeking title to or possession of the properties.

---

[11] *Id.* at *5.

[12] *Id.* at *6.

Eleven of the fourteen counts in the complaint clearly do not pass this test.

The claims for breach of fiduciary duty (Counts I and II), negligence (Count III), unjust enrichment (Count V), corporate waste (Count VI), and accounting (Count IX) are quintessentially claims for monetary relief, not claims that relate directly to the ownership or possession of the properties.

The claims for an equitable lien (Count VII) and constructive trust (Count VIII) do not suffice.[13]

Some of the counts seek only remedies and do not properly amount to claims upon which relief may be granted. These are the "claims" for the appointment of a receiver (Count XII), declaratory relief (Count XIII), and injunctive relief (Count XIV). The availability of a lis pendens turns on the nature of the party's claims, not any other remedies which that party seeks. Further, Count XIV does not seek an injunction that would affect title to or possession of any real property; rather, it seeks an injunction restraining Ms. Lam from managing ZHI, requiring her to provide an accounting, and appointing a third-party manager. Therefore, these counts do not support a lis pendens.

The claim for conversion (Count IV) alleges that Ms. Lam misappropriated "ZHI money, assets, and funds, including but not limited to the ZHI Rental Income,"

---

[13] *See Utsunomiya*, 75 Haw. at 513 (holding that a lis pendens is not allowed in an action seeking an equitable lien, and citing with approval California decisions treating constructive trust claims the same way).

and that she "misused and misappropriated ZHI property, including but not limited to the ZHI Properties . . . ."[14] The claim for conversion of money and assets other than real estate is a monetary claim that cannot sustain a lis pendens. The claim for conversion of real estate also fails, because the complaint never seeks a remedy that would restore the allegedly misappropriated property to ZHI. We know from *Utsunomiya* that a claim for the imposition of an equitable lien or constructive trust on real estate is insufficient; a claim for conversion of real estate, at least when not coupled with a prayer for restoration of the property itself, should also fail.

Counts IX and X deal with fraudulent transfers under Hawaii's version of the Uniform Fraudulent Transfers Act ("HUFTA"). Both counts end with the assertion that "ZHI is entitled to a judgment avoiding the transfers cited in the preceding paragraphs of this Complaint under HRS § 651C-4(a)(1) [HRS § 651C-5 for Count X]. . ."

There is a split of authority on the question whether a fraudulent transfer claim will sustain a lis pendens under Hawaii law. The United States district court for this district has held that a lis pendens is available in such an action.[15] These decisions reason that a fraudulent transfer action directly affects the title to property because

---

[14] Dkt. 19 at 29 ¶¶ 75 and 76.

[15] *Valvanis v. Milgroom*, 529 F.Supp.2d 1206 (D. Haw. 2007); *Sports Shinko Co. v. QK Hotel, LLC*, 457 F. Supp.2d 1121, 1129 (D. Haw. 2006).

U.S. Bankruptcy Court - Hawaii   #18-90030   Dkt # 63   Filed 02/26/19   Page 8 of 10

avoidance of the fraudulent transfer, and restoration of title to the transferor, is the object of action.

> The HUFTA provides a statutory remedy of avoidance, and thus an action seeking avoidance under HUFTA is not a true money damages action; in a HUFTA action, a judge does not rely on equitable powers to avoid the transfer because the remedy of avoidance is statutorily based. Thus, avoidance of the transfer is not a collateral means to collect money damages, it is a direct, statutory remedy. In contrast, typical tort and contract actions are actions for money damages, in which a judge could only order rescission or avoidance of a real property transfer as a collateral means of collecting the money damages using the court's equitable powers.[16]

In contrast, Hawaii's intermediate court of appeals has held that a HUFTA claim will not support a lis pendens.[17] The court reasoned that a HUFTA claim is really just a way of collecting money damages; for example, HUFTA provides that transfers are avoided only "to the extent necessary to satisfy the creditor's claim."[18]

The precedential effect of the ICA's decision is unclear. The Supreme Court granted certiorari and concluded that the matter should have been submitted to arbitration[19] and said that, "*To the extent that the ICA held otherwise*, the ICA's August 31, 2012 opinion and October 18, 2012 judgment on appeal are vacated."[20]

---

[16] *Sports Shinko*, 457 F. Supp. 2d at 1130.

[17] *County of Hawaii v. UniDev, LLC*, 128 Haw. 378, 392 (App. 2012).

[18] *Id.*

[19] *County of Hawaii v. UniDev, LLC*, 129 Haw. 378 (2013).

[20] *Id.* at 380 (emphasis added).

The Supreme Court did not mention the ICA's decision on the lis pendens issue, and the Supreme Court's opinion suggests that it only vacated the part of the ICA's order relating to arbitration and left the lis pendens ruling intact. But this is not free from doubt.

In any event, I find the ICA's analysis more persuasive than that of the district judges. I am always loathe to contradict the judges of the Hawaii district court, but I am not bound by their decisions, and I must apply the law as I see it. In my view, HUFTA is a collection device. It is only available to a "creditor," meaning a person holding a monetary claim against the debtor.[21] If a creditor establishes that a transfer is "fraudulent," the transfer is avoided "to the extent necessary to satisfy the claim of the creditor."[22] In short, HUFTA is not a device to restore property to its rightful owner; it only gives creditors another tool to collect debts from recalcitrant debtors.

In short, none of the claims asserted in the complaint meets the *Utsunomiya* criteria for a lis pendens. The trustee's motion is therefore GRANTED. Counsel for the trustee shall submit a proposed separate order in recordable form.

END OF ORDER

---

[21] Haw. Rev. Stat. § 651C-1 (definitions of "creditor" and "claim").

[22] *Id.* § 651C-7(a)(1).